UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| RICKY SWIFT, )<br>)<br>    Petitioner )<br>          v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>    Respondent ) | CAUSE NO. 3:04-CV-758 RM<br>(arising under 3:99-CR-44(01)RM) |

## OPINION AND ORDER

This matter comes before the court on two motions filed by Mr. Swift. For the following reasons, the court denies both motions.

Mr. Swift first moves pursuant to Rule 59, but regardless of the caption the court must substantively review the issues to determine whether the court can address the merits, or whether Mr. Swift must first request the court of appeals for permission to file a second or successive § 2255 petition. *See* Melton v. United States, 359 F.3d 855, 857 (7th Cir. 2004) ("Call it a motion for a new trial, arrest of judgment, mandamus, prohibition, coram nobis, coram vobis, audita querela, certiorari, capias, habeas corpus, ejectment, quare impedit, bill of review, writ of error, or an application for a Get-Out-of-Jail Card; the name makes no difference. It is substance that controls."). Mr. Swift asks the court to clarify its order denying his § 2255 request by addressing what he characterizes as discrepancies between this court's ruling on his motion to suppress and the court of appeals opinion reversing that ruling. Mr. Swift's motion does not ask the court to merely clarify its September 15, 2005 opinion denying his § 2255 petition, but rather asks the

court to make findings of fact and law that substantively address issues attacking the validity of his conviction. Because Mr. Swift already attacked the validity of his conviction and sentence under 28 U.S.C. § 2255 in 2005, the court has no jurisdiction to do what Mr. Swift now requests. *See* 28 U.S.C. § 2255 (Before the sentencing court may review a "second or successive motion [filed under § 2255, it] must be certified as provided in section 2244 by a panel of the appropriate court of appeals.").

Because the court does not have jurisdiction to address Mr. Swift's first motion, Mr. Swift's request to amend that motion must also be denied. Therefore, Mr. Swift's motions are DENIED as filed with the wrong court. [Doc. Nos. 211 & 215 on criminal docket 3:99-CR-44(01)RM].

SO ORDERED.

ENTERED: June 7, 2006

/s/ Robert L. Miller, Jr.
Chief Judge
United States District Court

cc:    R. Swift
       K. Hays